IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LUNA,<br><br>    Petitioner,<br><br>v.<br><br>ANTHONY LAMARQUE, Warden,<br><br>    Respondent.<br>_____ | No. C 02-4045 SBA (PR)<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING** |

    Petitioner has filed a petition for a writ of habeas corpus in which he challenges his State conviction. He lists only two claims. The first claim alleges that the trial court erred in admitting into evidence the audiotape-recording of the police interrogation which occurred after Petitioner said, "I should probably get a lawyer, I guess," an alleged invocation of his right to counsel. Pet. at 7-8. However, Petitioner also makes the general argument that the "[a]dmission of Petitioner's statement was in violation of his Miranda[1] rights." Id. at 8. Petitioner's second claim alleges an Apprendi[2] violation because he argues that the imposition of consecutive sentences for the ten counts of committing a lewd and lascivious act under California Penal Code section 667.6(d) required a jury finding that the acts occurred on separate occasions. Id.

    Respondent opposes the petition in his Answer (docket no. 4) and his Memorandum of Points and Authorities in Support of the Answer to the Petition for Writ of Habeas Corpus (docket no. 5), both filed on November 4, 2002. Petitioner did not file a traverse.[3]

    The petition and answer in the instant case were filed prior to the Ninth Circuit's decision in Arnold v. Runnels, No. 04-15194, slip op. 11385 (9th Cir. Aug. 24, 2005), where a certificate of appealability was granted as to "the sole question of whether the trial court violated [the petitioner's] Fifth Amendment rights by admitting a tape recording of certain utterances [the petitioner] made during an interrogation even

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] Petitioner's traverse was due on December 4, 2002, thirty days after Respondent filed his answer. See Order to Show Cause at 2. To date, no traverse has been filed with this Court, and Petitioner has never filed a motion for extension of time.

though [the petitioner] had said he did not want to talk on tape and responded to all substantive questions on tape by saying, 'no comment.'" Arnold, slip op. at 11389.  The Ninth Circuit considered the petitioner's statement that he did not want to talk on tape even though that statement was essentially "ignored" by the trial court and state court of appeal.  Id. at 11395.  Upon ruling that the petitioner's statement that he did not want to talk on tape was "clear and unambiguous," the Ninth Circuit held that the admission of his tape-recorded statements was a violation of his Fifth Amendment privilege against self-incrimination.  Id. at 11398.

The Court hereby ORDERS the parties to brief:

(1) the applicability of Arnold on the Miranda violation issues in this case, specifically its impact on the issue of whether the Court is allowed to consider any of Petitioner's other statements mentioning the need for counsel, specifically the statement where Petitioner alleges to be invoking his right to counsel by saying: "The way its [sic] goin' it sounds like I need a lawyer and I need help." (See Resp't Ex. 2 at 39.);[4]

(2) whether there will be any exhaustion issues if the Court considers the other statements where the Petitioner allegedly invokes his right to counsel; and

(3) whether Petitioner's other statements mentioning the need for counsel are unambiguous invocations of his right to counsel, specifically the statement, "The way its [sic] goin' it sounds like I need a lawyer and I need help." (See id.).

Accordingly, no later than **sixty (60) days** of the date of this Order, Respondent shall file a supplemental brief on this issue.  Petitioner may file a response to Respondent's brief no later than **forty-five (45) days** of his receipt of Respondent's brief.  Petitioner must serve Respondent's counsel with a copy of his response.  The petition will be deemed submitted and ready for review on the date Petitioner's response is due.

IT IS SO ORDERED.

DATED: 9/7/05

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] Respondent provided two different transcripts and lodged them both as Exhibit 2.  For simplicity, the Court is citing only to the first transcript.